McNUTT LAW GROUP LLP
MICHAEL A. SWEET (CSBN 184345)
DOUGLAS C. GRAHAM (CSBN 216870)
MARIANNE M. DICKSON (CSBN 249737)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for Michael Kasolas,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 10-25190 |
| PLACER FIRE EQUIPMENT, INC., | Adversary Case No. 10-02551 |
| Debtor. | Chapter 7 |
| | DC No. MLG-004 |
| MICHAEL G. KASOLAS, CHAPTER 7 TRUSTEE, | **TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT** |
| Plaintiff, | [No Hearing Required] |
| vs. | |
| ASBURY AUTOMOTIVE ATLANTA, LLC dba NALLEY MOTOR TRUCKS, | |
| Defendant. | |

Michael G. Kasolas, the duly appointed and acting Chapter 7 Trustee in bankruptcy for the estate of Placer Fire Equipment, Inc. ("Debtor") hereby requests that the Clerk of the United States Bankruptcy Court for the Eastern District of California enter the default of the Defendant in this adversary proceeding pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure. In support hereof, the Trustee states as follows:

1. Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code on March 3, 2010.

2. On March 4, 2010 this Court appointed Michael Kasloas to serve as chapter 7 trustee.

3. On September 8, 2010, the Trustee filed an Adversary Complaint to Avoid Preferences ("Complaint") commencing this action.

4. The Complaint seeks to avoid preferential payments made to Defendant.

5. The Clerk of the Bankruptcy Court issued the Summons and Notice of Status Conference in Adversary Proceeding ("Summons") in this action on September 9, 2010.

6. On September 13, 2010, the Summons and Complaint was served upon Defendant Security Savings Bank.

7. The Summons advised Defendant that it was required to file an answer or other responsive pleading to the Complaint within thirty (30) days of the issuance of the Summons.

8. Counsel for Trustee and Counsel for Defendant agreed to a rolling 15 day extension for the time by which Defendant had to respond. Graham Decl. ¶2.

9. Trustee and Defendant engaged in settlement discussions. However those discussions broke down and on March 28, 2011, Trustee's counsel informed Defendant's counsel that no further extension for a response would be granted, and that a response to the Complaint would be due on April 12, 2011. Graham Decl. ¶3, Exh. A.

10. On April 13, 2011, counsel for Trustee again wrote counsel for Defendant and informed him that if no responsive pleading was filed by noon on April 13, 2011, Trustee would file this Request For Entry Of Default. Graham Decl. ¶4, Exh. B.

11. Defendant has not filed an answer or other pleading in response to the Complaint.

12. To the best of the Trustee's knowledge, Defendant is not an infant, incompetent, or currently serving in the military.

213123.1

2  TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

WHEREFORE, the Trustee respectfully requests that the Clerk of the Court enter the default of Defendant pursuant to Rule 7055.

DATED: April 13, 2011					McNUTT LAW GROUP LLP


						By:	/s/ Douglas C. Graham
							Douglas C. Graham
							Attorneys for Michael Kasolas, Chapter 7 Trustee