FILED
April 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003426072

ARAM ORDUBEGIAN (SBN 185142)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: ordubegian.aram@arentfox.com

Attorneys for Defendant
Nalley Motor Trucks

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 10-25190-A-7 |
| PLACER FIRE EQUIPMENT, INC., | Chapter Number: 7 |
| Debtor. | |
| MICHAEL G. KASOLAS, | Adversary Proceeding No. 10-02551-A |
| Plaintiff(s), | **DC No. MLG-005** |
| v. | **DEFENDANT'S OPPOSITION TO TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT** |
| ASBURY AUTOMOTIVE ATLANTA, LLC dba NALLEY MOTOR TRUCKS, | |
| Defendant(s). | |

Defendant Nalley Motor Trucks ("Nalley"), by counsel, hereby files its opposition to the Application for Entry of Default Judgment[1] ("Application for Default")(D.E. 22) filed by Michael G. Kasolas, the Chapter 7 Trustee ("Trustee") for the estate of Placer Fire Equipment, Inc. and in support thereof states:

---

[1] While titled "Trustee's Application for Entry of Default Judgment," the Trustee's Application seeks entry of default by the Clerk, rather than entry of judgment on default. To the extent the Trustee seeks entry of default judgment, Defendant reserves its right to oppose such relief.

## FACTUAL BACKGROUND

1. On September 8, 2010, the Trustee commenced the above-captioned adversary proceeding by filing a complaint ("Complaint") seeking to avoid and recover allegedly preferential payments from Nalley (DE 1).

2. The Clerk of the Bankruptcy Court ("Clerk") issued the Summons and Notice of Status Conference in Adversary Proceeding ("Summons") on September 9, 2010 and the Trustee certified that he served a copy of the Summons and Complaint on Nalley on September 13, 2010 (DE 6).

3. The Summons required that Nalley respond to the Complaint within thirty (30) days of issuance of the Summons.

4. Counsel for the Trustee and counsel for Nalley agreed to a rolling fifteen (15) day extension of time by which Nalley would have to respond to the Complaint while the parties engaged in settlement discussions.

5. On September 27, 2010, Nalley directed a letter to the Trustee, conveying Nalley's defenses and proposed settlement terms.

6. On November 1, 2010, Nalley filed its Offer of Judgment to be taken against Nalley in the amount of $15,000 with costs accrued (DE 7).

7. Several months later, on March 8, 2011, the Trustee responded to Nalley's proposed settlement offer.

8. On March 9, 20100, the Trustee filed a Status Conference Statement explaining to the Court that the parties needed additional time to engage in settlement discussions and requesting that the Court continue the status conference sixty days (DE 18).

9. On March 17, 2011, the Court entered an order scheduling the status conference for May 18, 2011.

## THE TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT

10. On April 13, 2011, the Trustee filed its Application for Default and supporting Graham Declaration (DE 23). To Nalley's surprise, the Trustee alleged that the settlement

discussions between the Trustee and Nalley had broken down and that on March 28, 2011, Trustee's counsel had informed Nalley's counsel that Nalley would be required to respond to the Complaint by April 12, 2011. *Application for Default* at ¶9; *Graham Decl.* at ¶3 and Exh. A.

11. The Trustee further alleged that he wrote additional correspondence to counsel for Nalley on April 13, 2011 stating that if Nalley failed to file a responsive pleading by noon on April 13, 2011, the Trustee would file a request for entry of default. Application at ¶10; Graham Decl. at ¶4 and Exh. B.

## ARGUMENT

12. Nalley submits that the Trustee's request should be denied because Nalley never received the emails upon which the Trustee relies as the basis for relief and never took the position that settlement discussions had ceased. While the Trustee's email dated March 28, 2011 "assume[s] that [Nalley] is not interested in pursuing settlement," Nalley, in fact, never stated or confirmed that settlement discussions had broken down.

13. While the Graham Declaration provides, and Defendant does not dispute, that Mr. Graham sent the emails listed on Exhibits A and B to the Graham Declaration, those emails were directed to Jeffrey Vanacore, a former Arent Fox attorney who departed the firm on March 11, 2011.[2] (*See* Declaration of Katie A. Lane to be filed concurrently with this Opposition). Unfortunately, Aram Ordubegian, who is also listed as lead counsel for Defendant, was not a party to and never received Mr. Graham's emails dated March 24, 2011, March 28, 2011 and April 13, 2011.

14. In fact, the first time Nalley's counsel learned of the Trustee's communications regarding the status of settlement discussions and the corresponding invocation of the 15-day deadline was when he received CM/ECF notice of the Trustee's Application.

---

[2] Mr. Vanacore's official last day at Arent Fox was March 11, 2011. As of that date, he was no longer listed on Arent Fox's website.

OPPOSITION TO TRUSTEE'S REQUEST
- 3 -

Accordingly, Nalley submits that it received insufficient notice to support entry of default by the Clerk.

## CONCLUSION

15. Nalley remains willing to work with the Trustee to resolve this matter in a consensual manner.[3] As such, Nalley respectfully requests that the Clerk deny the Trustee's request for entry of default at this time and permit the parties to attempt to resolve the matter consensually. If settlement negotiations do break down, Nalley submits that the Trustee properly notify Nalley that the parties have reached an impasse and permit Nalley the bargained-for 15 day extension of time within which to respond to the Complaint.

Dated: April 15, 2011

ARENT FOX LLP

By: /s/ Aram Ordubegian
ARAM ORDUBEGIAN
Attorneys for Defendant Nalley Motor Trucks

---

[3] Defendant's counsel contacted Trustee's counsel to request that the Trustee withdraw his Application. While unable to withdraw the Application, Trustee's counsel graciously agreed to delay any request to seek entry of default judgment until April 22, 2011.

OPPOSITION TO TRUSTEE'S REQUEST