FILED
April 15, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003426073

ARAM ORDUBEGIAN (SBN 185142)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: ordubegian.aram@arentfox.com

Attorneys for Defendant
Nalley Motor Trucks

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>PLACER FIRE EQUIPMENT, INC.,<br><br>Debtor. | Case No. 10-25190-A-7<br><br>Chapter Number: 7 |
| MICHAEL G. KASOLAS,<br><br>Plaintiff(s),<br><br>v.<br><br>ASBURY AUTOMOTIVE ATLANTA, LLC dba NALLEY MOTOR TRUCKS,<br><br>Defendant(s). | Adversary Proceeding No. 10-02551-A<br><br>**DC No. MLG-005**<br><br>**DECLARATION OF KATIE A. LANE IN SUPPORT OF DEFENDANT'S OPPOSITION TO TRUSTEE'S APPLICATION FOR ENTRY OF DEFAULT**<br><br>[No hearing Required] |

## DECLARATION OF KATIE A. LANE

I, Katie A. Lane, declare as follows:

1. I am an attorney duly admitted to practice law in the state of Florida and the District of Columbia. I am an associate with Arent Fox, LLP, which firm represents the Defendant, Nalley Motor Trucks, in the above-captioned bankruptcy case. Unless stated otherwise, I have personal knowledge of the facts set forth in this Declaration, and, if called to testify, would and could testify competently thereto.

LA/439274.1

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

2. This Declaration is submitted in support of the relief sought in Defendant's Opposition to Trustee's Application for Entry of Default Judgment (DE 22) filed by Michael G. Kasolas, the Chapter 7 Trustee ("Trustee") for the estate of Placer Fire Equipment, Inc.

3. I have confirmed that counsel for the Trustee agreed to grant Nalley a rolling fifteen (15) day extension of time by which Nalley would have to respond to the Complaint while the parties engaged in settlement discussions.

4. Counsel for the Trustee, Douglas C. Graham ("Mr. Graham"), alleges that he sent several emails to counsel for Nalley regarding the status of settlement discussions. He further alleges that he sent an email on March 28, 2011 informing Nalley that it would be required to respond to the Complaint by April 12, 2011, *Application for Default* at ¶9; *Graham Decl.* at ¶3 and Exh. A.

5. Mr. Graham also alleges that on April 13, 2011, he sent a final email stating that if Nalley failed to file a responsive pleading by noon on April 13, 2011, the Trustee would file a request for entry of default. Application at ¶10; Graham Decl. at ¶4 and Exh. B.

6. Neither Nalley nor Aram Ordubegian, who is listed on the docket as lead counsel for Nalley, received the emails upon which the Trustee relies as the basis for relief. Nalley has not taken the position that settlement discussions have ceased.

7. While the Trustee's email dated March 28, 2011 "assume[s] that [Nalley] is not interested in pursuing settlement," Nalley, in fact, never stated or confirmed that settlement discussions had broken down.

8. The emails attached to the Graham Declaration were directed to Jeffrey Vanacore, a former Arent Fox attorney. I consulted with Arent Fox's human resources manager to confirm that Mr. Vanacore's official final day was March 11, 2011 and that as of that date, he was no longer listed on Arent Fox's website.

9. I have reviewed the emails sent by Mr. Graham and have spoken with Aram Ordubegian to confirm that Mr. Ordubegian was not a party to and never received Mr. Graham's emails dated March 24, 2011, March 28, 2011 and April 13, 2011.

10. In fact, the first time Mr. Ordubegian or I learned of the Trustee's communications regarding the status of settlement discussions and the corresponding invocation of the 15-day deadline was when Mr. Ordubegian received CM/ECF notice of the Trustee's Application. Accordingly, I believe that Nalley received insufficient notice to support entry of default by the Clerk.

11. Nalley does not agree that settlement communications have broken down and instead remains willing to work with the Trustee to resolve this matter in a consensual manner.

12. Upon learning of the misunderstanding, on April 15, 2011, I telephoned and emailed Mr. Graham requesting that the Trustee withdraw its Application for Default and expressed Nalley's willingness to continue settlement discussions. The Trustee declined to withdraw the Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed/Dated: April 15, 2011

By: */s/ Katie A. Lane*
KATIE A LANE

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/439274.1